# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-1310V
(not to be published)

| | | |
|---|---|---|
| BROOKE RIVERA,<br>*Parent of A.E.C., a minor,* | | |
| Petitioner, | | Chief Special Master Corcoran |
| v. | | Dated: May 2, 2023 |
| SECRETARY OF HEALTH AND<br>HUMAN SERVICES | | |
| Respondent. | | |

*Amber Diane Wilson*, Wilson Science Law, Washington, DC, for Petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION DISMISSING PETITION**[1]

On September 16, 2022, Brooke Rivera, parent of A.E.C., a minor, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. Petitioner alleged that A.E.C.'s receipt of several vaccines on December 2, 2019, resulted in chronic inflammatory demyelinating polyneuropathy. *Id.*

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On April 28, 2023, Petitioner moved for a Motion for Decision Dismissing her Petition, stating that "an investigation of the facts and science supporting has demonstrated to the Petitioner that she will be unable to prove that A.E.C. is entitled to compensation in the Vaccine Program." (ECF No. 19). It would therefore be unreasonable to proceed and waste judicial resources in pursuit of the claim. *Id*.

Respondent has not filed a Rule 4(c) Report in this case, making dismissal appropriate under Rule 21(a)(1)(A). However, Petitioner's motion requests a decision (which will result in a judgment), so that she may she protect her rights to file a civil action in the future. She thus understands that a decision dismissing her petition will result in a judgment against her, ending all of her rights in the Vaccine Program. *Id*. Accordingly, a decision dismissing the petition is the appropriate form of relief. *See Jodoin v. Sec'y of Health & Hum. Servs.*, No. 19-1651V, 2023 WL 1963865, at *1 (Fed. Cl. Spec. Mstr. Feb. 13, 2023).

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). But Petitioner has affirmatively represented she cannot meet the relevant evidentiary standards.

For these reasons, and in accordance with Section 12(d)(3)(A), **Petitioner's claim for compensation is therefore denied and this case is dismissed for insufficient proof. The Clerk of Court shall enter judgment accordingly.**[3]

IT IS SO ORDERED.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.