# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-1310V
(not to be published)

| | |
|---|---|
| BROOKE RIVERA, *Parent of A.E.C., a minor,* Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES Respondent. | Chief Special Master Corcoran  Dated: June 6, 2023 |

*Amber Diane Wilson*, Wilson Science Law, Washington, DC, for Petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING ATTORNEY'S FEES AND COSTS**[1]

On September 16, 2022, Brooke Rivera, parent of A.E.C., a minor, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. Petitioner alleged that A.E.C.'s receipt of several vaccines on December 2, 2019, resulted in chronic inflammatory demyelinating polyneuropathy. *Id.*

The matter was originally initiated *pro se* and assigned to another special master. ECF No. 7. Petitioner then found representation and the case was reassigned to me. ECF No. 15. I then held a status conference on March 2, 2023, where I ordered Petitioner to file medical records and a

---

[1] The parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

statement of completion or status report indicating what medical records remain left to be filed. *Scheduling Order*, dated March 2, 2023. Petitioner filed medical records on April 28, 2023, but then requested a decision dismissing the claim. *See* Motion, dated April 28, 2023 (ECF No. 19) ("Motion"). I granted the relief requested and terminated the claim. *See* Decision, May 2, 2023 (ECF No. 20).

Petitioner now requests a total of $4,266.46[3] in attorney's fees and costs ($3,514.20 in fees plus $319.51 in attorney costs, and $432.75 in Petitioner's out of pocket expenses) for the work of her attorney, Ms. Amber Wilson, from December 2020 to the present date. ECF No. 24 at 3–4 ("Motion"). Respondent reacted to the fees request on May 30, 2023. *See* Response, May 30, 2023 (ECF No. 25). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$4,266.46**.

**ANALYSIS**

I.     **Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). A claim's reasonable basis[4] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good

---

[3] Ms. Wilson incorrectly listed the total as $3,811.01 (separate from Petitioner's out of pocket expenses) in her initial request but had the correct total in her invoice. ECF No. 24 at 2, 4.

[4] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

Petitioner in this case requested dismissal prior to filing of a Rule 4(c) Report. But there was still a question as to the legitimately-disputed fact questions, as not all the medical records were filed at that time, and the record as filed does offer some objective support for the claim. And claims that vaccines can cause peripheral neuropathies like the one alleged herein are common in the Program, and often raise reasonably-disputes issues of fact and law. Thus, in light of the standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. Because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424,

---

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and paralegal, based on the years work was performed:

|   | **2022** | **2023** |
|---|---|---|
| **Amber Wilson (Attorney)** | $427.00 | $454.00 |

ECF No. 24 at 3–4.

Ms. Wilson practices in Washington, DC—a jurisdiction that has been deemed "in forum." Accordingly, she is also entitled to the rates established in *McCulloch*. *See Stuart v. Sec'y of Health & Hum. Servs.*, No. 16-940V, 2022 WL 176145, at *4 (Fed. Cl. Spec. Mstr. Jan. 5, 2022). And her requested rates are consistent with what has previously been awarded for her work, and in accordance with the Office of Special Masters' fee schedule.[6] *See Cerrone v. Sec'y of Health & Hum. Servs.*, No. 17-1158V, 2022 WL 3369712, at *3 (Fed. Cl. Spec. Mstr. July 20, 2022). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable and will therefore award it without adjustment.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited May. 20, 2023).

by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $752.26 in outstanding costs, including medical record retrieval costs, shipping costs, and the costs associated with the filing fee. ECF No. 23 at 4, 19. This includes $319.51 for attorney costs, and $432.75 for costs associated with Petitioner's filing fee and shipping. The medical records retrieval costs and other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction. In addition, the personal costs specifically incurred by Petitioner are reasonable and appropriately-awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$3,833.71,** reflecting $3,514.20 in attorney's fees and $319.51 in costs in the form of a check made jointly payable to Petitioner and her attorney Ms. Amber Wilson, and $432.75 in costs in the form of a check made payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.